UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AJATI SANKOH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LUCIA HUI, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03645-LB<br><br>**ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 10 |

## INTRODUCTION AND BACKGROUND

This is an employment-discrimination case.[1] The defendants (and employers) Ariu Levy and Lucia Hui allegedly treated the plaintiff, Ajati Sankoh, differently because of Sankoh's race and national origin.[2] Sankoh alleges that these two defendants made "racial statements such as 'I don't promote blacks,'" and that after Sankoh "complained to [human resources] about unfair and discriminatory treatment in denial of promotions," Sankoh "was terminated [or put on] [a]dministrative leave."[3]

---

[1] Compl. — ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶ 6.

[3] *Id.*

ORDER — No. 16-cv-03645-LB

The alleged discriminatory conduct took place in July 2013, the same month that Sankoh filed charges with the Federal Equal Employment Opportunity Center ("EEOC") and the California Department of Fair Employment and Housing.[4] The EEOC issued a Notice-of-Right-to-Sue letter, which Sankoh received on July 5, 2015.[5] Sankoh thereafter sued in this court on June 28, 2016, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*[6]

The defendants move to dismiss the complaint and argue: (1) the statute of limitations bars the complaint and (2) the parties previously settled these same claims.[7] The court can decide the matter without oral argument and vacates the hearing set for October 13, 2016. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the defendants' motion and dismisses the complaint because it was filed after the limitations period for bringing a Title VII claim following receipt of an EEOC right-to-sue letter.

### RULE 12(B)(6) STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

---

[4] *Id.* ¶¶ 7, 8.

[5] *Id.* ¶ 9.

[6] *See generally id.*

[7] Motion to Dismiss — ECF No. 10.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

### 1. The Court Dismisses Sankoh's Complaint with Leave to Amend

Sankoh's sole claim is under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[8] The issue is whether Title VII's statute of limitations period bars Sankoh's claims. By the face of the complaint, it does, and so the court grants the defendants' motion to dismiss.

A plaintiff must bring a civil action under Title VII within 90 days of receipt of a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992)). "Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Id.* (citing *Scholar*, 963 F.2d at 267).

The limitations period is subject to equitable tolling, but that doctrine is "applied sparingly." *See Scholar*, 963 F.2d at 267–68; *Gray v. Shinseki*, No. C-12-03109 JCS, 2013 WL 1891387, at *2

---
[8] Compl. ¶ 3.

(N.D. Cal. May 6, 2013). "Circumstances that have been found to give rise to equitable tolling include inadequate notice, a pending motion for appointment of counsel and the court leading a plaintiff to believe she has done everything required of her." *Gray*, 2013 WL 1891387 at *2 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). "Courts have been generally unforgiving, however, when a late filing is due to [a] claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). And "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin*, 466 U.S. at 152.

Here, Sankoh alleges that the EEOC "issued a Notice-of-Right-to-Sue letter[,] . . . which [Sankoh] received . . . on or about 07/05/15."[9] Ninety days from that date was October 3, 2015, a Saturday. Sankoh therefore needed to file his complaint by Monday, October 5. But Sankoh filed the complaint on June 28, 2016, almost seven months late.

Sankoh argues, in opposition to the defendants' motion, that the claims are not barred because the applicable limitations period is one year, not 90 days.[10] To do so, Sankoh points to California Government Code sections 12966(b) and 12948.[11] These statutes may govern Sankoh's rights — and the limitations period — under California's anti-employment discrimination laws, such as the Fair Employment and Housing Act ("FEHA"). But these are California *state* laws and do not govern the statute of limitations for his *federal* claim under Title VII (a federal law). Sections 12966(b) and 12948 therefore do not alter the 90-day limitations period for Sankoh's Title VII claim.

The court notes that the right-to-sue letter that Sankoh attaches to the complaint is from the California Department of Fair Employment and Housing (not the EEOC) and specifically references a one-year limitations period under sections 12966(b) and 12948.[12] But the court

---

[9] *Id.* ¶ 9.

[10] Opposition — ECF No. 20 at 4–5.

[11] *Id.*

[12] Compl. at 4.

ORDER — No. 16-cv-03645-LB                4

accepts the truth of the allegation that Sankoh received an EEOC right-to-sue notice on July 5, 2015 — even though Sankoh does not attach that letter to the complaint.[13] And based on that date, the court dismisses Sankoh's Title VII claim as barred by the statute of limitations.

Even so, it is not clear on this record if there is a basis for equitable tolling. The court therefore grants leave to amend the complaint, but does so with the following warnings to Sankoh. First, with respect to equitable tolling, "[a] plaintiff's *pro se* status does not mean [he or] she should be treated differently than a plaintiff represented by counsel." *Gray*, 2013 WL 1891387 at *3 (citing *Payan v. Aramak Mgmt. Servs. L.P.*, 495 F.3d 1119, 1121 (9th Cir. 2007)). "A pro se plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *Guevera v. Marriott Hotel Servs. Inc.*, No. C 10-5347 SBA, 2013 WL 1164961, at *6 (N.D. Cal. Mar. 20, 2013). Second, a party to an enforceable settlement agreement may not simply rescind — or back out of — the agreement after the fact. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("Assuming both the power of the attorney to bind his client and the validity of the agreement struck, a litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship.").

The court does not now, however, address the defendants' arguments regarding the preclusive effect of the parties' settlement. This is not the normal process for enforcing a settlement agreement, and the court is not convinced that addressing the issue is proper on a Rule 12(b)(6) motion, without, for example, converting it to a Rule 56 motion for summary judgment. The court therefore reserves the issue for a later time.

**2. The Court Denies the Motion to Continue**

Sankoh filed a motion to continue on October 5, which the court denies.[14] That motion, signed only by Sankoh, says that "[b]oth parties stipulate for [a] continuation."[15] The motion does not,

---

[13] *Id.* ¶ 9.

[14] Motion to Continue — ECF No. 24.

[15] *Id.*

however, specify what, exactly, the court is being asked to continue (the court assumes it is the hearing date for the pending motion to dismiss). But the motion does not identify a requested duration for the continuation and does not provide a reason or explanation.[16] The court also notes that the defendants — though purportedly agreeing to the continuation — did not sign or jointly submit the request.[17] Because the court can decide the matter without a hearing, and absent a compelling reason, the court denies the request.

## CONCLUSION

The court grants the defendants' motion and dismisses the plaintiff's Title VII claims as barred by the statute of limitations but grants leave to amend. The court denies the motion to continue.

**IT IS SO ORDERED.**

Dated: October 6, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[16] *Id.*

[17] *See id.*